Jan. 21, 2026

Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090

**Via CM/ECF**

Clifton Cislak, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the D.C. Circuit
Washington, DC 20001

Re: *Vera Institute of Justice et al. v. Department of Justice et al.*, Case No. 25-5248

Dear Mr. Cislak,

    Plaintiffs-appellants respectfully write pursuant to Federal Rule of Appellate Procedure 28(j) to notify the Court of the First Circuit's recent decision in *Massachusetts v. NIH*, -- F.4th --, 2026 WL 26059 (1st Cir. Jan. 5, 2026), which supports Plaintiffs' argument that the district court misapplied the Tucker Act in dismissing Plaintiffs' suit in its entirety. Applying the Supreme Court's emergency docket decision in *NIH v. American Public Health Association* ("APHA"), 145 S. Ct. 2658 (2025), the First Circuit concluded that the Tucker Act does not divest district courts of jurisdiction over "challenges to agency-wide policies" regarding the administration of grant programs because vacating such a policy would not, "on its own," void any specific decision withholding funds. 2026 WL 26059, at *5-6. Such policies also "affect[] future grants as much as it does current ones." *Id.* at *5.

    The First Circuit's decision supports Plaintiffs' similar argument here that *APHA* illustrates that, "[a]t a minimum," the district court erred in dismissing Plaintiffs' claim challenging "the government's novel policy of terminating grants based on changed priorities," which seeks relief that would "prospectively shield[] grantees from" that policy and "would have generally applicable implications beyond the reinstatement

of specific grants." Reply Br. 12-13; *see also id.* at 6 ("Plaintiffs routinely compete for and receive grants from OJP and other government agencies that issue awards subject to Section 200.340(a)" and therefore "have an interest in obtaining declaratory relief that OJP's 'interpretation that 2 C.F.R. § 200.340(a)(4) allows OJP to terminate a grant based on a "change" in agency priorities' is unlawful").

                                                Sincerely,

                                                */s/ Joshua M. Salzman*
                                                Joshua M. Salzman
                                                Democracy Forward

cc (via CM/ECF): Counsel of Record
Word count: 257