

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 616-5446

January 28, 2026

**Via CM/ECF**

Clifton Cislak, Clerk
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC 20001

   RE: *Vera Institute of Justice v. U.S. Department of Justice*,
      No. 25-5248 (argument held October 14, 2025)

Dear Mr. Cislak:

  We write in response to plaintiffs' January 21 letter. Plaintiffs cite the First Circuit's decision in *Massachusetts v. National Institutes of Health*, --- F.4th ---, 2026 WL 26059 (1st Cir. Jan. 5, 2026), but that case does not bolster their arguments. Applying Justice Barrett's concurrence in *National Institutes of Health v. American Public Health Association*, 145 S. Ct. 2658 (2025), the First Circuit concluded that "challenges to agency-wide policies . . . belong in district court" but that, under the Tucker Act, "challenges to the withholding of contractually awarded funds . . . belong in the [Court of Federal Claims]," *Massachusetts*, 2026 WL 26059, at *5.

  Under the reasoning in *Massachusetts*, the district court here correctly concluded that this case involves quintessentially contractual challenges to grant terminations by the Office of Justice Programs that must be pursued in the Court of Federal Claims. In their complaint, plaintiffs identified the grant terminations—not an agency-wide policy—as the final agency actions that they sought to challenge. *See*

J.A. 34-35.  Every count in the complaint focused on why the grant terminations should be declared unlawful and set aside, *see* J.A. 28-36, and plaintiffs sought to void the grant terminations and obtain continued payments under the grants, *see* J.A. 36-37.  As the government detailed in its brief and at oral argument, rulings from the Supreme Court and this Court confirm that plaintiffs cannot bring their claims in district court.  *See* Gov't Br. 15-34.

Although plaintiffs' letter contends that they challenge an agency-wide policy, they have failed to point to any such concrete policy.  Moreover, plaintiffs premised their injury not on the application of an alleged policy to future grants, but on the failure to "receiv[e] funds pursuant to [current] grant awards."  J.A. 21; *see Massachusetts*, 2026 WL 26059, at *5 (noting that policy in that case "affects future grants as much as it does current ones").  Other courts have rejected similar efforts to recharacterize challenges to grant terminations on appeal.  *See Sustainability Inst. v. Trump*, --- F.4th ---, No. 25-1575, 2026 WL 157120, at *8 n.8 (4th Cir. Jan. 21, 2026).

        Sincerely,

        Daniel Tenny
        Sean R. Janda

        */s/ Brian J. Springer*
        Brian J. Springer
        Attorneys

cc:   All counsel (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

    This response complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 350 words.

                                        */s/ Brian J. Springer*
                                        BRIAN J. SPRINGER

## CERTIFICATE OF SERVICE

    I hereby certify that on January 28, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

                                        */s/ Brian J. Springer*
                                        BRIAN J. SPRINGER