Mar. 12, 2026

Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090

**Via CM/ECF**

Clifton Cislak, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the D.C. Circuit
Washington, DC 20001

Re: *Vera Institute of Justice et al. v. Department of Justice et al.*, Case No. 25-5248

Dear Mr. Cislak,

Plaintiffs-appellants respectfully write pursuant to Federal Rule of Appellate Procedure 28(j) to notify the Court of the Ninth Circuit's recent decision in *Pacito v. Trump*, --- F.4th ---, 2026 WL 620449 (9th Cir. Mar. 5, 2026), which rejected a Tucker Act argument closely analogous to the one pressed by the government here. Writing for the majority, Judge Bybee applied this Circuit's test from *Megapulse, Inc. v. Lewis,* 672 F.2d 959 (D.C. Cir. 1982), and concluded that a challenge to the termination of cooperative agreements to provide refugee resettlement services did not fall within the exclusive jurisdiction of the Court of Federal Claims. *See* 2026 WL 620449 at *17-21. Citing the Federal Grant and Cooperative Agreement Act (FGCAA), 31 U.S.C. §§ 6301-6308, the Ninth Circuit emphasized that the government's choice to proceed by cooperative agreement rather than by procurement contract carries legal significance. Cooperative agreements, under which the government receives no direct benefit, do not typically create contracts enforceable in the CFC. *Id.* at *18-19. Likewise, cooperative agreements do not typically authorize the contractual remedy of money damages. *Id.* at *20. Accordingly, a suit alleging wrongful termination of a cooperative agreement belongs in district court, not the CFC. *Id.* ("We cannot see how, under either part of the *Megapulse* test, the

cooperative agreements qualify as contracts for purposes of the Tucker Act.").

As plaintiffs-appellants have explained, this case similarly involves cooperative agreements and grants under the FGCAA that did not provide the government with any direct benefit or authorize contractual remedies. *See* Opening Br. 35-40; Reply Br. 13-16. This Court should adopt *Pacito*'s indistinguishable reasoning and reverse.

Sincerely,

*/s/ Joshua M. Salzman*
Joshua M. Salzman
Democracy Forward

cc (via CM/ECF): Counsel of Record
Word count: 270