

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

_____

Tel: (202) 616-5446

March 25, 2026

**Via CM/ECF**

Clifton Cislak, Clerk
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC 20001

      RE:  *Vera Institute of Justice v. U.S. Department of Justice*,
           No. 25-5248 (argument held October 14, 2025)

Dear Mr. Cislak:

    We write in response to plaintiffs' March 12 letter, which cites the Ninth Circuit's divided decision in *Pacito v. Trump*, --- F.4th ---, Nos. 25-1313, 25-1939, 2026 WL 620449 (9th Cir. Mar. 5, 2026). That decision casts no doubt on the district court's conclusion in this case that plaintiffs' claims present contractual disputes that must be pursued in the Court of Federal Claims. *See* Gov't Br. 15-34.

    *Pacito* concerned a district-court order requiring reinstatement of cooperative agreements to provide resettlement services for refugees. 2026 WL 620449, at *12. While acknowledging the Supreme Court's rulings that district courts lack jurisdiction over claims to enforce obligations set forth in grant agreements, the Ninth Circuit majority concluded that district courts could enforce obligations set forth in cooperative agreements, finding dispositive the "cooperative agreement" label and the agency's "substantia[l] involve[ment] in carrying out certain aspects of th[e] cooperative agreement[s]." *Id.* at *19, *21 (alterations and emphasis omitted).

The Tucker Act does not draw the distinctions relied on by the Ninth Circuit majority. *Compare* 28 U.S.C. § 1491(a) (applying to claims founded on contracts), *with id.* § 1491(b) (drawing distinction, in a provision not at issue here, between procurement contracts and other contracts). Unlike the Ninth Circuit, plaintiffs themselves do not endorse treating nominal labels as controlling. To the contrary, they concede, based on clear Federal Circuit precedent, that "cases concerning a grant or cooperative agreement . . . fall within the [Court of Federal Claims'] jurisdiction 'when the standard conditions for a contract are satisfied.'" Opening Br. 37 (quoting *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1338 (Fed. Cir. 2021)). Those conditions are met here for the reasons articulated in the government's brief. *See* Gov't Br. 30-34; *see also Columbus Reg'l Hosp.*, 990 F.3d at 1340 (holding that consideration exists where a recipient "agreed to comply with an array of requirements attached to the receipt, use, and distribution of" the funds). The Ninth Circuit's approach would produce disparate results as to materially similar contracts for no discernable reason. *See Pacito*, 2026 WL 620449, at *33 (Lee, J., dissenting in part).

Sincerely,

Daniel Tenny
Sean R. Janda

*/s/ Brian J. Springer*
Brian J. Springer
Attorneys

cc:    All counsel (via CM/ECF)

2

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 349 words.

*/s/ Brian J. Springer*
BRIAN J. SPRINGER

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Brian J. Springer*
BRIAN J. SPRINGER