July 30, 2026

Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090

**Via CM/ECF**

Clifton Cislak, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the D.C. Circuit
Washington, D.C. 20001

Re: *Vera Institute of Justice et al. v. Department of Justice et al.*, Case
No. 25-5248

Dear Mr. Cislak,

Plaintiffs-Appellants respectfully write pursuant to Federal Rule of
Appellate Procedure 28(j) to notify the Court of a recent decision holding
"that 2 C.F.R. § 200.340(a)(4) (2024) and 2 C.F.R. § 200.340(a)(2) (2021)
do not allow terminations of awards based on new program goals or
agency priorities that an agency identifies after granting the award."
*New Jersey v. United States Off. of Mgmt. & Budget*, No. 1:25-CV-11816-
IT, 2026 WL 2069832, at *17 (D. Mass. July 17, 2026) ("Op."). Plaintiffs
have made the same claim here. *See* Pls. Br. 41-46; Repl. 19-21.

Much of the *New Jersey* court's reasoning tracks Plaintiffs'
arguments here, including that:

- Defendants' interpretation of Section 200.340(a)(4) would
  "render the other grounds for termination superfluous," Op.
  at *12.
- The regulatory scheme "prioritize[s] ensuring that grantees
  are on notice, before applying, as to what the program goals
  and agency priorities are for any particular award," and that
  Defendants' interpretation would "obviate any need to notify

1

- parties of program goals and priorities, given that agencies could change goals and priorities at any time." Op. at *14.
- The regulatory history of Section 200.340(a)(4) "limits termination to instances where a grantee cannot achieve initial program goals or agency priorities," Op. at *14, and demonstrates that a grant can be terminated "in instances where new information establishes that the original goals can no longer be met, either because the specific project cannot achieve those goals or because they are unachievable," Op. at *15.

For similar reasons, this Court should recognize that Defendants' interpretation of Section 200.340(a)(4) is contrary to law and that Plaintiffs are likely to prevail on their APA claim.

Sincerely,

*/s/ Lisa Newman*
Lisa Newman
Democracy Forward

cc (via CM/ECF): Counsel of Record
Word count: 267