

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 616-5446

August 6, 2026

**Via CM/ECF**

Clifton Cislak, Clerk
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC 20001

   RE: *Vera Institute of Justice v. U.S. Department of Justice*,
      No. 25-5248 (argument held October 14, 2025)

Dear Mr. Cislak:

  We write in response to plaintiffs' July 30 letter, which cites the district court's decision in *New Jersey v. U.S. Office of Management & Budget*, No. 25-cv-11816, 2026 WL 2069832 (D. Mass. July 17, 2026). That decision supports affirming, rather than reversing, the district court's dismissal of plaintiffs' claims in this case. As the court in *New Jersey* recognized, recent Supreme Court rulings dictate that "[p]laintiffs must bring any challenges to past award terminations to the Court of Federal Claims pursuant to the Tucker Act, and not to [district] court." *Id.* at *6. Here, plaintiffs raised such challenges to grant terminations by the Office of Justice Programs (OJP) that fall squarely within the Tucker Act. *See* Gov't Br. 15-34.

  Plaintiffs ignore the portion of *New Jersey* that is dispositive here and instead rely on a different portion that interpreted 2 C.F.R. § 200.340(a)(4), a regulatory provision incorporated into plaintiffs' grant agreements that OJP invoked in terminating those agreements. *See* Gov't Br. 40-41. This case presents no occasion to opine on the

scope of § 200.340(a)(4) because plaintiffs' claims must be pursued in the Court of Federal Claims, where they can raise any such issues about whether the government had a valid basis to terminate.  In any event, § 200.340(a)(4)'s language providing for termination when an award "no longer effectuates . . . agency priorities" is most naturally read to allow agencies to make discretionary funding decisions based on present-day priorities.  *See* Gov't Br. 39-40.  The court in *New Jersey* reached a contrary conclusion by construing the text of § 200.340(a)(4) in an unduly narrow manner, *see* 2026 WL 2069832, at *11-16; by invoking Spending Clause principles that are inapplicable in this case involving private recipients of federal funding, *see id.* at *16; and by disregarding the broader context in which decisions to reallocate grant funds to different recipients or activities are committed to agency discretion by law, *see* Gov't Br. 34-39.

Sincerely,

Daniel Tenny
Sean R. Janda

/s/ *Brian J. Springer*
Brian J. Springer
Attorneys

cc:    All counsel (via CM/ECF)

2

**CERTIFICATE OF COMPLIANCE**

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 321 words.

/s/ *Brian J. Springer*
BRIAN J. SPRINGER

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

/s/ *Brian J. Springer*
BRIAN J. SPRINGER